The opinion of the court was delivered by
Watkins, J.
The representations of the relator are that the Interstate Fire Association instituted suit against him in the respondent’s court for an instalment of ten per cent, upon certain shares of stock of said corporation, amounting to twenty-five dollars. That he appeared and answered that he was not a stockholder in said corporation, and was, consequently, not indebted to the plaintiff in the amount demanded of him. That, subsequently, he excepted to the jurisdiction of the respondent’s court to hear and determine the issue joined for the reason that the alleged call of twenty-five dollars represents stock of said corporation of the par value of two hundred and fifty dollars, an amount in excess of the jurisdiction of his court; and that the demand of the corporation, as well as the answer of the relator, necessarily involves the entire contract. That unless restrained by our writ of prohibition respondent will proceed to hear and determine said suit to his great and irreparable injury.
The return of the respondent admits the state of facts to be as related above, but he insists that his court has jurisdiction, and is perfectly competent to decide the cause.
The jurisdiction involved is original and not appellate; and consequently we are not to be exclusively guided by the decisions of this court interpreting its appellate jurisdiction.
The suit in the respondent’s court is upon a simple moneyed demand for the sum of twenty-five dollars; and the answer is that relator does not owe the debt because he is not the owner of the shares of stock upon which the call is predicated. Having created this issue as a matter of defence, relator as defend am excepts to the jurisdiction of respondent’s court; and failing to secure a favorable *1029 ruling upon his exception,- he has applied to this court for relief by-prohibition.
The original record is before us, and fully confirms the statements we have related; and amongst other things which has attracted our attention is a certificate of stock in the plaintiff company which was apparently signed by the relator.
In our opinion the defence, if made good by the relator, would be good cause for the respondent to decide the case in his favor, rejecting the company’s demand; but that the exception founded upon relator’s answer can not oust the jurisdiction of the respondent's-court.
For these reasons the preliminary writs are set aside and relief refused the relator at his cost.